## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MANETIONY CLERVRAIN, ET AL.**  **CIVIL ACTION**

**VERSUS**  **NO. 22-244-SDD-RLB**

**TAE D. JOHNSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 10, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MANETIONY CLERVRAIN, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                              **NO. 22-244-SDD-RLB**

**TAE D. JOHNSON, ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is Plaintiff's Complaint (R. Doc. 1), Plaintiff's Motion for Settlement Agreement Against Secretive Criminals by [Invoking] the National Regulatory Treaties Act ("NIRTA") (R. Doc. 3), Plaintiff's Motion for Humanitarian Reasons or Assure Family Unity in the Public Interest by National Treatment Principal Act ("NTPA") (R. Doc. 4), Plaintiff's Motion for Manifest Injustice Act ("MIA") or Electronic Filing Act [or] Opposition by Secure Academic Resources Technology Act ("SARTA") (R. Doc. 5), and Plaintiff's Motion for Opposition or Criminal Intent and/or Malicious Against Freedom of Speech, by the Ant's Freedom Act ("TAFA") (R. Doc. 6).

The Court has granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis (R. Doc. 2), but withheld service of process by the U.S. Marshal Service. (R. Doc. 7). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

**I.     Nature of the Plaintiff's Allegations**

On April 4, 2022, Manetirony Clervrain ("Plaintiff" or "Clervrain") commenced this action, purportedly on behalf of 59 other individuals identified as plaintiffs, and against 19

individuals identified as defendants. (R. Doc. 1).[1] Clervrain filed this action on a form complaint intended for use by *pro se* litigants in non-prisoner civil rights litigation.[2] In the Complaint, Clervrain represents that he is an attorney with the purported law firm Brandako, Inc. (also identified as a co-plaintiff), but in lieu of providing a bar number wrote "not Applicable for those with eividence (sic) of competency." (R. Doc. 1 at 13).

The Complaint identifies this as a civil rights action against federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and against state or local officials under 42 U.S.C. § 1983. (R. Doc. 1 at 4). Clervrain's factual allegations regarding the bases for the claims, the alleged injuries incurred, and the relief sought, consist primarily of disjointed hodgepodge of statutory references and legal terms. (*See* R. Doc. 1 at 5-12). Clervrain appears to be seeking over $95 billion in recovery. (R. Doc. 1 at 12).

The Court can properly exercise federal question jurisdiction over this action under 28 U.S.C. § 1331.

## II.   Law and Analysis

### A.   Legal Standards

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

---

[1] The majority of these individuals are identified as plaintiffs or defendants solely because they are listed in the caption of the Complaint. The body of the Complaint only identifies Clervrain as the plaintiff and names just four individuals as defendants: Tae D. Jonson, Patrick J. Lechleitner, Ava Cates, and Renita Williams. (R. Doc. 1 at 2-3).
[2] The caption identifies the Court as the United States District for the Eastern District of Louisiana, New Orleans Division.

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

B.  **Analysis**

Clervrain is a repeat filer of frivolous federal lawsuits throughout the United States. Clervrain has "filed over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States." *Clervrain v. Edwards, et al.*, No. 21-345-SDD-EWD, 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022) (citing cases), *report and recommendation* adopted, 2022 WL 628537 (M.D. La. Mar. 3, 2022); *see also Clervrain v. Marshall*, No. 21-316, 2021 WL 3009021, at *1 (W.D.N.C. July 15, 2021) (Clervrain is a former federal prisoner and "prolific *pro se* litigator who has filed more than 100 federal cases throughout the country, most of which have been dismissed as frivolous or for a failure to state a claim upon which relief can be granted."); *Clervrain v. Jeffreys*, No. 22-571, 2022 WL 912029, at *1 (S.D. Ill. Mar. 29, 2022) (taking

"judicial notice of Clervrain's numerous filings in the United States District Courts across the country.").

District courts have described Clervrain's filings as essentially "jabberwocky." *See Clervrain v. Marin*, No. 20-925, 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020) (citing Clervrain v. Wilson, No. 20-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020)); *see also Clervrain v. Sawyer*, No. 20-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) ("In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint. While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts.").

Clervrain has been described as "an abusive litigator." *Clervrain v. Edlow*, No. 20-182, 2021 WL 7630533, at *1 (N.D. Ind. Nov. 22, 2021) (collecting cases). He has been sanctioned for filing a frivolous lawsuit. *See Clervrain v. McMaster*, No. 21-00021, 2021 WL 2582216, at *2 (D.S.C. June 23, 2021). The U.S. District Court for the Southern District of Indiana has imposed a filing ban on Clervrain for "vexatious and excessive litigation." *Clervrain, et al., v. Dimon, et al.*, No. 21-02918, 2021 WL 6551107, at *1 (S.D. Ind. Dec. 27, 2021).

Here, the Court finds that "Plaintiff's Complaint contains the same hallmarks/deficiencies that have doomed Plaintiff's actions in other courts, nearly all of which have been dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915." *Edwards*, 2022 WL 636048, at *3. The scant factual allegations in the Complaint are incoherent, incomprehensible, and indecipherable. As in other lawsuits dismissed as frivolous, Clervrain appears to refer to himself as "The Activist" and "The ANT" with generalized references to both real and imagined legislation, such as the Ant National Act (TANA), The Ant Act (TAA), the Ant Library Act (TALA), the Market Issues Manipulating Act (MIMA), the National Regulatory Treaties Act

(NIRTA), and the purported legislation identified solely by the acronym MOCMA.³ While Clervrain references some existing federal statutes and doctrines, including certain jurisdictional statutes and the Federal Torts Claims Act ("FTCA"), he makes no factual references to any of the named defendants or the referenced agencies, namely U.S. Department of Homeland Security and the Louisiana Workforce Commission.

Given the foregoing, the Court finds it appropriate to dismiss the instant action as frivolous because "[l]ike his other cases, Plaintiff's Complaint here is an indecipherable hodgepodge of references to real and imagined laws with few, if any, facts alleged." *Edwards*, 2022 WL 636048, at *4. Clervrain's unintelligible allegations do not meet the standards for pleading required by Rule 8 of the Federal Rules of Civil Procedure. Clervrain should not be given an opportunity to amend his claims because any amendment would be futile "as evidenced by the multitude of similar claims that have already been dismissed by courts throughout the country." *Id*.

Finally, it appears that Clervrain has falsely held himself out as an attorney in this action and that he may be engaged in the unauthorized practice of law by signing a pleading on behalf of the named co-plaintiffs in this action, which is prohibited under Louisiana law. *See* La. R.S. 37:213. Clervrain's alleged law firm, Brandako, Inc., "appears to be a registered corporation of the State of Indiana, and Clervrain is listed as the registered agent for the corporation." *See Jeffreys*, No. 22-571, 2022 WL 912029, at *2 (citing records maintained by the Indiana Secretary of State). Even if Clervrain is an attorney, he cannot sign pleadings on behalf of other individuals because he not an attorney admitted to practice before this Court. *See* LR 11(a). To the extent

---

³ It appears that "MOCMA" is Clervrain's personal acronym for the fictitious "Movements on Crimes Mitigating Act." *See Edwards*, 2022 WL 63048, at *2 n. 11 ("[T]here are no federal statutes or regulations titled (1) "The Ant Movement Act (TAMA)", (2) the "Movements on Crimes Mitigating Act (MOCMA)", (3) the "National Issues Regulatory Treaties Act (NIRTA)," or [4] the "Right Issues Police Alert Technology Act (RIPATA).").

6

Clervrain is (as he appears to be) a *pro se* plaintiff unlicensed to practice law, he cannot sign a pleading on behalf of other plaintiffs that the *pro se* plaintiff does not represent. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). Similarly, business entities such as Brandako, Inc must also be represented by licensed counsel in a civil proceeding. *See Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56; *United States v. Brown*, 197 F. Supp. 2d 574, 575 (W.D. La. 2002).

Clervrain shall refrain from holding himself out as an attorney before this Court unless he can produce proper credentials, including his bar number. *See Jeffreys*, 2022 WL 912029, at *2 ("Clervrain is **WARNED** that he should not hold himself out before this Court as an attorney. The unauthorized practice of law is a serious offense which this Court will not tolerate.").

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the claims alleged in the Complaint (R. Doc. 1) be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Settlement Agreement Against Secretive Criminals by [Invoking] the National Regulatory Treaties Act ("NIRTA") (R. Doc. 3), Plaintiff's Motion for Humanitarian Reasons or Assure Family Unity in the Public Interest by National Treatment Principal Act ("NTPA") (R. Doc. 4), Plaintiff's Motion for Manifest Injustice Act ("MIA") or Electronic Filing Act [or] Opposition by Secure Academic Resources Technology Act ("SARTA") (R. Doc. 5), and Plaintiff's Motion for Opposition or

Criminal Intent and/or Malicious Against Freedom of Speech, by the Ant's Freedom Act ("TAFA") (R. Doc. 6) be **DENIED AS MOOT**.

      **IT IS FURTHER RECOMMENDED** that the district judge **CERTIFY**, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal in this action could not be taken in good faith.

      Signed in Baton Rouge, Louisiana, on May 10, 2022.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**